UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

ROBERT J. HUPPERICH,

           Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

           Defendant.

1:19-cv-14210-NLH

**OPINION**

---

**APPEARANCES:**

ROBERT J. HUPPERICH
127 SCHOOLHOUSE RD.
CAPE MAY COURT HOUSE, NJ 08210

    *Plaintiff appearing <u>pro</u> <u>se</u>*

ANTONIA MARIA ADAM
SOCIAL SECURITY ADMINISTRATION
OFFICE OF THE GENERAL COUNSEL
300 SPRING GARDEN STREET
PHILADELPHIA, PA 19147

    *On behalf of Defendant*

**<u>HILLMAN</u>, District Judge**

On June 26, 2019, Plaintiff, Robert J. Hupperich, appearing *pro se*, filed his complaint pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), against Defendant, the Commissioner of Social Security,[1] regarding

---

[1] The current Commissioner of Social Security is Andrew Saul, who was sworn in on June 17, 2019.

Defendant's denial of Plaintiff's application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 401, et seq.  In accordance with L. Civ. R. 9.1(c), Defendant timely filed the administrative record, which constituted Defendant's answer, on November 19, 2019.

Within 14 days of Defendant's answer, Plaintiff was required to file his "statement setting forth [his] primary contentions or arguments as to why [he] believes that he . . . is entitled to relief."  L. Civ. R. 9.1(d)(1).  Plaintiff failed to file his statement, and on March 23, 2020, this Court issued an Order to Show Cause as to why his complaint should not be dismissed for lack of prosecution.  The Court afforded Plaintiff 15 days to respond.

On April 6, 2020, Plaintiff timely filed a response to the Court's Order to Show Cause.  (Docket No. 11.)  It is titled, "Letter of Cause," and to it Plaintiff has attached two medical records which discuss Plaintiff's back injuries he sustained in a motor vehicle accident in 2013.  In Plaintiff's letter, Plaintiff discusses his injuries, pain, treatments, and his overall contention that he is totally disabled and is entitled to DIB benefits.

The Court finds that through his "Letter of Cause," Plaintiff has endeavored to comply with L. Civ. R. 9.1(d)(1) by explaining "why [he] believes that he . . . is entitled to

2

relief." The "relief" that may be available to Plaintiff requires, however, a more specific showing than what Plaintiff's letter contains.

Under 42 U.S.C. § 405(g), Congress provided for judicial review of the Commissioner's decision to deny a complainant's application for social security benefits. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995). A reviewing court must uphold the Commissioner's factual decisions where they are supported by "substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001); Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992). Substantial evidence means more than "a mere scintilla." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. The inquiry is not whether the reviewing court would have made the same determination, but whether the Commissioner's conclusion was reasonable. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).

Thus, in order to be entitled to relief, Plaintiff must show that the ALJ's decision was not supported by substantial evidence. The first part of the process to prove that substantial evidence did not support his decision is the Rule

3

9.1(d)(1) statement of primary contentions. In that statement, Plaintiff must specifically articulate how the ALJ erred in his decision, and how those errors resulted in the ALJ's decision not being supported by substantial evidence. The purpose of the statement is "[t]o encourage early and amicable resolution of Social Security matters," L. Civ. R. 9.1(d)(1), and if Defendant agrees with those contentions, the appeal will be dismissed and Plaintiff will be entitled to "relief." Defendant, however, cannot engage in an "early and amicable resolution" of the matter if Plaintiff's statement of primary contentions does not sufficiently state how the ALJ erred beyond a general statement that Plaintiff feels he is entitled to benefits.[2]

Moreover, in the event that Defendant does not agree with Plaintiff's statement of primary contentions, Defendant's response triggers the next step in the process, which is the parties' briefing, as set forth by L. Civ. R. 9.1(e). Only when briefing has been completed may the Court consider the substance of Plaintiff's appeal.

Consequently, the Court will be afforded 30 additional days to file an amended statement of primary contentions. After Plaintiff files his amended statement, the Court will determine

---

[2] For example, Plaintiff refers to medical records of two of his treating medical providers, but Plaintiff does not contend that the ALJ failed to properly consider those medical records.

4

whether Defendant shall respond in accordance with L. Civ. R. 9.1(d)(2).  If Plaintiff fails to file an amended statement, the Court will dismiss the action for lack of prosecution.

An appropriate Order will be entered.


Date:  September 15, 2020          s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.