UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROBERT J. HUPPERICH,

           Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,
           Defendant.

1:19-cv-14210-NLH

**OPINION**

**APPEARANCES:**

ROBERT ANTHONY PETRUZZELLI
JACOBS, SCHWALBE & PETRUZZELLI, PC
WOODCREST PAVILION
TEN MELROSE AVENUE
SUITE 340
CHERRY HILL, NJ 08003

    *On behalf of Plaintiff*

ANTONIA MARIA ADAM
SOCIAL SECURITY ADMINISTRATION
OFFICE OF THE GENERAL COUNSEL
300 SPRING GARDEN STREET
PHILADELPHIA, PA 19147

    *On behalf of Defendant*

**HILLMAN, District Judge**

Plaintiff filed a complaint pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), against Defendant, the Commissioner of Social Security, regarding Defendant's denial of Plaintiff's application for Disability Insurance Benefits ("DIB") under Title II of the Social Security

Act, 42 U.S.C. § 401, et seq.

On June 21, 2018, in Lucia v. SEC, 138 S. Ct. 2044 (2018), the U.S. Supreme Court held that Securities and Exchange Commission administrative law judges (ALJs) are inferior officers under the Constitution's Appointments Clause.  One of Plaintiff's bases for appeal is that the ALJ who heard his case before the Agency was not properly appointed under the Appointments Clause and that he is therefore entitled to remand to a properly appointed ALJ.  Even though Plaintiff did not raise this challenge at the administrative level (hereinafter referred to as a "Lucia challenge"), on January 23, 2020, the Third Circuit Court of Appeals held in Cirko v. Commissioner of Social Security, 948 F.3d 148 (3d Cir. 2020) that a Social Security litigant need not administratively exhaust an Appointments Clause claim before raising it in federal court.[1]

On November 23, 2020, Defendant filed a motion to stay Plaintiff's action pending the Supreme Court's decision in the consolidated appeals in Carr v. Saul, — S. Ct. —, No. 19-1442, 2020 WL 6551771 (U.S. Nov. 9, 2020) (granting petition for writ of certiorari from the Eighth Circuit); Davis v. Saul, — S. Ct. —, No. 20-105, 2020 WL 6551772 (U.S. Nov. 9, 2020) (granting

---

[1] On March 26, 2020, the Third Circuit denied Defendant's petition for a rehearing *en banc*.  As set forth below, Defendant did not seek further review of the Third Circuit's decision in Cirko.

2

petition for writ of certiorari from the Tenth Circuit), both of which cases held that plaintiffs had forfeited their Appointments Clause claims by not raising them during Social Security administrative proceedings, which is in conflict with the Third Circuit's decision in Cirko.

In the motion to stay, Defendant argues that this Court should delay the resolution of Plaintiff's case until the Supreme Court resolves the circuit split regarding the issue of administrative forfeiture of Appointments Clause claims in Social Security cases.  Plaintiff has opposed Defendant's motion, arguing that Cirko is binding precedent in this circuit, and a stay "would force an already extended delay into tragic territory" because Plaintiff became disabled in April 2013, he filed his claim in February 2015, and a decision by the Supreme Court could take several more years.

This Court recognizes that after the Third Circuit issued its decision in Cirko,[2] Defendant had represented the following in some social security appeal cases in this District which had asserted a Lucia challenge:

> After conferring with the Department of Justice and the
> Solicitor General, the Commissioner has determined that it

---

[2] The Chief Judge for the District of New Jersey had entered a stay order in all pending social security appeal cases that asserted a Lucia challenge pending the Third Circuit's decision in Cirko.  (See, e.g., Land v. Commissioner, 1:18-cv-12850-NLH, Docket No. 23.)  Once the Third Circuit issued its decision, the stay was lifted.  (See id. at Docket No. 25.)

3

will not seek Supreme Court review of the Third Circuit's Cirko decision.

The Commissioner does not contend that Cirko does not apply to this case.

(See, e.g., Land v. Commissioner, 1:18-cv-12850-NLH, Docket No. 26; Kais v. Commissioner, 1:18-cv-10686-NLH, Docket No. 16.)

In other Lucia challenge cases, however, instead of asserting the above language, Defendant consented to remand. (See, e.g., Cain v. Commissioner, 1:19-cv-13375-NLH, Docket No. 11; Estrada v. Commissioner, 1:19-cv-16203-NLH, Docket No. 11.)

This Court finds Defendant's position advanced in the instant motion to stay to be inconsistent with Defendant's position advanced in other Lucia challenge cases, such as Land and Kais, and several other cases pending in this District. Cirko is currently binding precedent in the Third Circuit, and Defendant had determined not to pursue further review of that decision by the Supreme Court.  Even though Defendant has petitioned the Supreme Court concerning decisions made by the Eighth Circuit and the Tenth Circuit, the law in the Third Circuit is settled, unless and until the Supreme Court finds otherwise, which decision may take several years to issue.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for

4

the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis v. North American Co., 299 U.S. 248, 254-55 (1936).  The Court does not find that a stay in this matter would maintain an even balance of the competing interests of the parties.

Consequently, the Court will deny Defendant's motion to stay.  The Court will also issue an order to show cause to Defendant as to why pursuant to Cirko Plaintiff's case should not be remanded for a rehearing before an ALJ properly appointed under the Appointments Clause.  On appropriate Order will be entered.


Date: December 15, 2020          s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.